1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIKTOR LOBKOV, VERA LOBKOV,

        Plaintiffs,        No. 2:10-cv-01284 LKK KJN PS

   vs.

WASHINGTON MUTUAL BANK, F.A.
et al.,                                   ORDER

        Defendants.
_____/

        This case, in which plaintiffs are proceeding pro se, or in other words without counsel, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). On June 14, 2010, defendant JPMorgan Chase Bank, N.A., an Acquirer of Certain Assets and Liabilities of Washington Mutual Bank from the FDIC Acting as Receiver ("JPMorgan" or "Defendant") moved to dismiss plaintiffs' first amended complaint. (Dkt. No. 11.) Defendant noticed the motion for hearing on July 29, 2010. (Id.)

        Court records reflect that plaintiffs have filed neither an opposition nor a statement of non-opposition to defendant's motion. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing

1

date or, in this instance, by July 15, 2010.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  See also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing on JPMorgan's motion to dismiss is continued to August 12, 2010;

2. Plaintiffs shall file an opposition to the motion, or a statement of non-opposition thereto, no later than July 29, 2010.

3. Failure of plaintiffs to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in an adverse ruling, including but not limited to a recommendation that this action be dismissed for lack of prosecution.  See Fed. R. Civ. P. 41(b).

4. Defendant may file a reply to plaintiffs' opposition, if any, on or before August 5, 2010.

IT IS SO ORDERED.

DATED: July 19, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE