IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VIKTOR LOBKOV and VERA LOBKOV,

        Plaintiffs,                      No. 2:10-cv-01284 LKK KJN PS

    vs.

WASHINGTON MUTUAL BANK, F.A.
et al.,
        Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiffs Viktor Lobkov and Vera Lobkov (collectively "plaintiffs") are individuals proceeding without counsel. On March 30, 2010, plaintiffs filed a complaint in the Superior Court of the State of California for the County of Sacramento. (Dkt. No. 1 at 6.) Defendant JPMorgan Chase Bank, N.A., an Acquirer of Certain Assets and Liabilities of Washington Mutual Bank From the FDIC Acting as Receiver ("JPMorgan" or "defendant") removed that action to this court. (Dkt. No. 1.) On June 14, 2010, defendant moved to dismiss plaintiffs' first amended complaint. (Dkt. No. 11.) Defendant noticed the motion for hearing on July 29, 2010. (Id.)

        Plaintiffs filed neither an opposition nor a statement of non-opposition to defendant's motion. The court issued an order on July 19, 2010, reminding plaintiffs that Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-

1

opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by July 15, 2010.  (Dkt. No. 13.)  This court further instructed plaintiffs as follows:

> Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  See also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").  Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

(Dkt. No. 13 at 1-2.)

The court continued the hearing on the defendant's motion to dismiss to August 12, 2010, and granted plaintiffs an additional opportunity to file an opposition to the motion, or a statement of non-opposition thereto.  Further, the court warned plaintiffs that their failure to again file a timely opposition would be deemed a statement of non-opposition to the pending motion, and may result in an adverse ruling, including but not limited to a recommendation that this action be dismissed for lack of prosecution. (Dkt. No 13, citing Fed. R. Civ. P. 41(b).)  Plaintiffs again failed to file an opposition, or any response whatsoever to defendant's motion or the court's July 19, 2010 order.

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition); see also Parrish v. Traquina, 2008 WL 906367 (E.D. Cal. March 31, 2008) (recommending dismissal for failure to prosecute after plaintiff failed to file an opposition to defendants' motion for summary judgment); Williams v. Woodford, 2008 WL 73159 (E.D. Cal.

Jan. 4, 2008) (recommending dismissal for failure to prosecute after plaintiff failed to file an opposition to defendants' motion to dismiss for failure to exhaust administrative remedies); <u>Loza v. Knowles</u>, 2007 WL 91445 (E.D. Cal. Jan. 9, 2007) (recommending dismissal for failure to prosecute after plaintiff failed to file a pretrial statement).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order and/or failure to comply with a district court's local rules. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

<u>Ferdik</u>, 963 F.2d at 1261; <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995); <u>Pagtalunan</u>, 291 F.3d at 642-43. In this case, the five factors set forth in <u>Ferdik</u> weigh in favor of dismissal of this action.

First, as in <u>Ferdik</u>, factors one and two strongly support dismissal of this action. Plaintiffs' repeated failure to file a timely opposition, or any opposition whatsoever, to defendant's motion to dismiss or otherwise comply with court orders strongly suggests that they have abandoned this action. <u>See, e.g.</u>, <u>Yourish v. California Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). In this regard, any further time spent by the court on this case, which plaintiffs have demonstrated no intention to pursue, will consume scarce judicial resources and take away from other active cases. <u>Ferdik</u>, 963 F.2d at 1261 (district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, factor three regarding prejudice to defendant as a result of plaintiffs' failure to timely oppose their motion to dismiss should be given some weight. <u>Ferdik</u>, 963 F.2d at 1262. A motion to dismiss is an aid to simplifying the issues and dismissing improper claims or parties before discovery ensues. Plaintiffs' failure to oppose defendant's motion raises the real

possibility that defendant may be forced to unnecessarily engage in further litigation against a complaint which plaintiffs do not appear to value enough.  Moreover, delay is nearly always prejudicial.

Factor five also supports dismissal of this action.  As noted above, the court has attempted less drastic remedies than that of a recommendation for outright dismissal.  In addition to excusing plaintiffs' first failure to oppose, the court granted plaintiff additional time to file an opposition and continued the hearing on defendants' motion to dismiss.  Moreover, the court has advised plaintiff of the requirement of opposing a motion to dismiss and informed them of the requirements of the Local Rules, and has clearly warned them that failure to comply with court orders could result in a recommendation of dismissal.  Warning a plaintiff that failure to take steps towards resolution of his action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives.  See Buss v. Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984), cert. denied, 469 U.S. 1192 (1985); Titus v. Mercedes Benz of North America, 695 F.2d 746, 749 n.6 (3d Cir. 1982).  At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.

Finally, the court recognizes the importance of giving due weight to factor four.  Public policy strongly favors disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation for dismissal of this action, and factor four does not sufficiently mitigate against it.  Dismissal is proper when at least four factors support dismissal or where at least three factors "strongly" support dismissal.  See Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  Under the circumstances of this case, the other factors outweigh the general public policy favoring disposition of actions on their merits.  Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE